UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01213 ERW |
| ) | |
| JIM MOORE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Mary Ann Medler [doc. #13], pursuant to 28 U.S.C. § 636(b). Petitioner has filed Objections to the Report and Recommendation [doc. #14]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

## I. BACKGROUND[1]

Petitioner Michael Sanders previously pled guilty to the charge of Robbery in the Second Degree. The charge stemmed from an incident in which Petitioner allegedly stole a motor vehicle. The State contends that if the case would have gone to trial, it would have proven that during the commission of the crime, the owner of the vehicle attempted to stop Petitioner from taking the vehicle by diving onto the hood. The State also contends that it would have proven that

---

[1] The Magistrate Judge's Report and Recommendation [doc. #13] set forth in great detail the facts of this case. No further recitation of the facts is necessary here.

Petitioner then fled the scene in the vehicle, with the owner of the vehicle temporarily remaining on the hood.

Petitioner raised four grounds for federal habeas corpus relief before Magistrate Judge Medler: (1) that he received ineffective assistance of counsel; (2) that the trial court advised him of an incorrect range of possible punishments; (3) that his guilty plea to Robbery in the Second Degree lacked a factual basis; and (4) that his plea was unintelligent, in that he was unaware of the exact nature of the charge to which he pled guilty. Magistrate Judge Medler concluded that the first three of Petitioner's four grounds for relief should be denied on the merits. As to Petitioner's fourth ground, the Magistrate Judge concluded that it was procedurally barred because Petitioner did not argue that his plea was unintelligent before the Missouri Court of Appeals.[2]

Petitioner filed Objections to Magistrate Judge Medler's Report and Recommendation, but only made objections with respect to the Magistrate Judge's recommendation that grounds one and three of Petitioner's habeas petition be denied.[3] With respect to ground one, Petitioner's

---

[2]In order to preserve an issue for consideration by this Court as part of a writ of habeas corpus, a petitioner must have raised that issue in front of the appellate court hearing his post-conviction appeal. Failure to raise a claim in a post conviction appeal is considered abandonment of that claim. *See Sweet v. Delo*, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996), *cert. denied,* 520 U.S. 1257 (1997)).

[3]In his Written Objections to the Magistrate's Report and Recommendation, Petitioner does make three generalized objections to the background section of the Report and Recommendation. Petitioner's first objection was that the police report accompanying his arrest indicated the scene of the crime was a grocery store, while the facts entered at the plea proceedings indicated the scene to be a residence. This in no way affects Petitioner's rights under 28 U.S.C. § 2254, and will not be addressed further here. Petitioner's second objection to the background of the Report and Recommendation (that he was told that he would get probation if he entered a guilty plea) will be addressed under Ground One. Finally, Petitioner's third objection to the background of the Report and Recommendation was that he pled guilty without including

objection states that he had "more than [three]" lawyers to represent him, and that they "led him blind and helpless."[4] (Objs., doc. #14, p.1). With respect to ground three, Petitioner's objection is based on his claim that a police report indicated that the vehicle was unlocked and the engine was running when Petitioner first approached the vehicle. Petitioner argues that this evidence demonstrates that he could not have forcibly stolen the vehicle.

Petitioner did not expressly object to the Magistrate Judge's findings with respect to his second ground for relief, that he was advised by the trial court of an incorrect range of possible punishments. Furthermore, Petitioner did not object to the Magistrate Judge's finding that his fourth ground for relief is procedurally barred. This Court is to review *de novo* only those portions of the Report and Recommendation to which Petitioner has objected. *See Lothridge*, 324 F.3d at 600. Because Petitioner did not object to Magistrate Judge Medler's findings regarding grounds two and four, the Court will adopt her findings as to these grounds, and will not otherwise formally address them.

## II. STANDARD OF REVIEW

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a

---

his middle name on the record. This, too, has no bearing on Petitioner's rights under § 2254 and will not be addressed here. Additionally, to the extent that Petitioner makes an objection to the Magistrate Judge's findings on ground two, the Court addresses the issue in footnote 5.

[4]This objection essentially realleges his general ineffective assistance of counsel argument (the basis for ground one), and thus will be treated as a general objection to the Magistrate Judge's finding that he did not receive ineffective assistance. Any and all findings on this subject will be reviewed *de novo*.

federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotation omitted). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004).

## III. DISCUSSION

### A. GROUND ONE

The Petitioner raises an objection to the Magistrate Judge's denial of his claim of ineffective assistance of counsel. In cases involving a guilty plea, such as this one, in order to make a successful ineffective assistance of counsel habeas claim, a "petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Under federal law, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable

4

barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). Moreover, the Supreme Court has held that post-guilty plea contentions "that in the face of the record are wholly incredible" should be summarily dismissed. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Petitioner's objection to the recommended denial of his ineffective assistance of counsel claim is based on his assertion that his counsel failed to explain the elements of the crime with which he was charged, the effect of the prior and persistent offender statute, and the range of possible punishment. Considering Petitioner's objection, the Court believes that a full analysis of this issue under *Gumangan* is unnecessary. Petitioner's claim that counsel failed to adequately inform him of the nature of the charges against him is not supported by the record; rather the record clearly indicates, contrary to Petitioner's current position, that Petitioner was informed by his counsel of the nature and elements of the crime with which he was charged. (Resp.'s Ex.C, p.9). In response to questions from the trial court accepting his plea, Petitioner told the court that his plea counsel had informed him of the applicable range of punishment accompanying Robbery in the Second Degree, along with its elements. (Resp.'s Ex.C, pp.7, 9). Further, the record indicates that the trial court itself informed Petitioner, during the course of entering his plea, that his sentence could be increased if he was found to be a prior and persistent offender. (Resp.'s Ex.D, p.9).

The Missouri Court of Appeals, Eastern District, previously addressed Petitioner's ineffective assistance of counsel claim, and determined that it was not meritorious. In making this determination, the Missouri Court of Appeals carefully examined the record for any indication

that Petitioner received ineffective assistance of counsel. In doing so, the appellate court noted that when asked if he had been properly and fully informed of the nature of the charges against him, Petitioner answered in the affirmative. Further, when asked whether he had been adequately informed of the effect of the prior and persistent offender statute, Petitioner answered that he had. Additionally, Petitioner was given the opportunity to ask any questions that he had pertaining to the charges against him or the process of entering his plea, but Petitioner indicated that he had no such questions. It is clear to this Court that the Missouri Court of Appeals adequately examined the record surrounding Petitioner's claims, appropriately affording the statements made by Petitioner during the plea the deference owed to them under federal law. *See Nguyen*, 114 F.3d at 703 ("defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings'"). The state appellate court ultimately, and properly, decided that Petitioner's current unsupported contentions contradicting the record did not warrant post conviction relief.

This Court cannot say that the Missouri Court of Appeals unreasonably applied any clearly established federal law. As such, Petitioner's first ground for relief, that he received ineffective assistance of counsel, is properly denied.[5]

---

[5]In his written objections to the Magistrate's Report and Recommendation, Petitioner makes what could arguably be construed as an objection to his second ground for relief, in which he argued that he was not informed of the proper range of punishment that would accompany his guilty plea. This Court does not believe that Petitioner made a valid objection, but even if he did, that objection would be unsuccessful. Just as with Petitioner's first ground, with respect to the second ground, the Missouri Court of Appeals examined the record, and found that Petitioner was properly informed of the range of punishment he was facing. Federal law does not require that the petitioner's expectations regarding punishment be met when entering a plea, rather it merely requires that the petitioner be informed of the possible range of punishment. *See United States v. Ramirez*, 449 F.3d 824, 826 (8th Cir. 2006). As such, no clearly established federal law was violated. Any possible objection arising from Petitioner's general objection on this ground in his

B. **GROUND THREE**

Petitioner also raises an objection to the Magistrate Judge's rejection of his claim that his guilty plea to the charge of Robbery in the Second Degree lacked a factual basis. Petitioner argues that the State did not establish that he used force for the purpose of overcoming the victim's resistance, which is required to prove Robbery in the Second Degree; rather, Petitioner states that he merely used force to escape the scene with the stolen vehicle.

It is a well established rule of federal criminal procedure that there must be a factual basis sufficient to support a guilty plea. *See* Fed. R. Crim. P. 11(b)(3). However, this requirement derives only from the Federal Rules of Criminal Procedure, and not from the Constitution. *See Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982). In order for the establishment of a factual basis sufficient to support a guilty plea to become a Constitutional issue, the guilty plea must be accompanied by claims of innocence. *See id.* (citing *North Carolina v. Alford*, 400 U.S. 25, 38 n.10 (1970)). In the event that an accused inconsistently professes his or her innocence during the course of a guilty plea, Eighth Circuit precedent has firmly established that statements made in connection with entering a guilty plea may provide a sufficient factual basis to support that guilty plea. *See Cummings v. United States*, 831 F.2d 779, 781 (8th Cir. 1987) ("admissions under oath at the guilty-plea hearing provided an ample factual basis for his [guilty] pleas"); *see also Wabasha,* 694 F.2d at 158 (noting in dicta that admissions by defendant in the context of recitation of charges provided a sufficient factual basis to support the charges). Further, the Advisory Committee Notes to the Federal Rules of Criminal Procedure expressly recommend

---

written objections is denied.

"inquiry of the defendant" as a method of establishing a sufficient factual basis to support a guilty plea. *See* Fed. R. Crim. P. 11 advisory committee's note.

Upon examining the record, it is clear to the Court that Petitioner did not assert his innocence at the plea hearing. As a result, Petitioner has failed to make a cognizable constitutional claim under 28 U.S.C. § 2254. *See Wabasha*, 694 F.2d at 157. Moreover, even if Petitioner's claim were cognizable, he would not be entitled to relief because his claim lacks merit. This is because Petitioner cannot show that a clearly established federal law was even implicated, much less unreasonably applied, as required for relief to be granted under 28 U.S.C. § 2254(d)(1). First, the issue of forcible taking of property is purely a state law matter, and does not implicate any clearly established Supreme Court precedent. Second, the actions of the Missouri Court of Appeals were not clearly unreasonable; rather, they were entirely consistent with the applicable law. The state appellate court carefully examined the statements made by Petitioner while entering his guilty plea, as well as the statements of the prosecuting attorney as to what the State could prove beyond a reasonable doubt in the event of a trial. The appellate court reasoned that it could be inferred that Petitioner's act of continuing to drive the stolen vehicle after the owner jumped on the hood was intended to overcome the owner's resistance, as required by Missouri law to sustain a charge of Robbery in the Second Degree. *See* Mo. Rev. Stat. § 569.010(1)(a). Thus, the court determined that the State laid a sufficient factual foundation for charging Petitioner with Robbery in the Second Degree.

This Court agrees that there was a sufficient factual basis for accepting Petitioner's guilty plea to the charge of Robbery in the Second Degree. Missouri law provides that a person

commits the crime of Robbery in the Second Degree when he or she "forcibly steals" property. *See* Mo. Rev. Stat. § 569.030. The Missouri statute, in relevant part, provides:

> a person "forcibly steals", and thereby commits robbery, when, in the course of stealing, . . . he uses or threatens the immediate use of physical force upon another person for the purpose of [p]reventing or overcoming resistance to the taking of the property *or to the retention thereof immediately after the taking*.

Mo. Rev. Stat. § 569.010(1)(a) (emphasis added). Because the definition of "forcibly steals" includes force used after the taking, the distinction made in Petitioner's application for writ of habeas corpus that he did not use force to overcome the resistance of the owner, but merely used force to flea the scene of the crime, is of no consequence. The record provides a more than sufficient factual basis to support the charge of Robbery in the Second Degree.

Additionally, Petitioner argues in his Objections to Magistrate Judge Medler's Report and Recommendation that he could not have forcibly stolen the vehicle because the police report states that the keys were in the vehicle and it was running. However, upon consideration of the definition of "forcibly steals" set forth above, it is clear that this fact is of no consequence. Even in the event that Petitioner did not have to use any force to enter or start the vehicle, the Missouri Court of Appeals found that he did use force to retain the stolen vehicle immediately after the taking. Petitioner has not set forth any evidence that refutes the findings of fact that were relied on by the state appellate court in reaching this conclusion. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *see also King v. Kemna*, 266 F.3d 816, 822

9

(8th Cir. 2001) ("In reviewing the state court decision, a fact determination is presumed to be correct and must be rebutted by clear and convincing evidence."). Thus, this Court must reject the argument set forth by Petitioner in his Objections.

In sum, because Petitioner did not assert his innocence while entering his guilty plea to Robbery in the Second Degree, his objection that his plea lacked a factual basis is not cognizable under federal law. *Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982). Accordingly, Petitioner's third ground for relief will be denied. Moreover, even if Petitioner had asserted his innocence, his claim for relief would still be denied because the Missouri Court of Appeals' determination that there was a sufficient factual basis to support the conviction did not contravene, or unreasonably apply, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability may only be issued when "'the applicant has made a substantial showing of the denial of a constitutional right.'" *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Petitioner has made no such showing. Furthermore, the Court does not believe that reasonable jurists might find the Court's decision debatable or wrong, for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A). *Slack*, 529 U.S. at 483-84. Therefore, the Court will not issue a certificate of appealability as to any claim raised in the Petition.

## V. CONCLUSION

The Court has reviewed those portions of Magistrate Judge Medler's Report and Recommendation to which Petitioner filed objections, and concludes that his objections are

without merit.  The Court hereby sustains, adopts, and incorporates herein the Magistrate Judge's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Michael Sanders' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [doc. #1] is **DENIED**.

Dated this 4th Day of March, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE